JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Ladon Craig ("Craig"), appeals his conviction and sentence in the Cuyahoga County Court of Common Pleas for failure to comply with order or signal of a police officer, with an enhancement provision. For the reasons stated below, we affirm.
 {¶ 2} On July 14, 2004, Craig was indicted on two counts. Count one charged Craig with failure to comply with order or signal of police officer, with an enhancement provision specifying that the operation of the motor vehicle by Craig caused a substantial risk of serious physical harm to persons or property, in violation of R.C. 2921.331, a felony of the third degree. Count two charged Craig with receiving stolen property, a motor vehicle, in violation of R.C. 2913.51, a felony of the fourth degree.
 {¶ 3} Craig signed a jury waiver, and a bench trial was held. The court granted a Rule 29 motion for acquittal on count two, but denied acquittal on count one. The court found Craig guilty on the failure to comply charge, along with the enhancement provision, and sentenced him to three years of community control.
 {¶ 4} Craig has appealed his conviction and sentence. The following facts adduced at trial are pertinent to this appeal.
 {¶ 5} Officer Steven Loomis, a Cleveland police officer, testified that on May 3, 2004, he was traveling eastbound on Milverton Road at East 143rd Street when he observed a black Ford truck travel through a stop sign. He identified the vehicle as being a "black Ford Splash." Officer Loomis thought he recognized the truck as one that was being looked for by the strike force unit in connection with drug activity in the area. Officer Loomis intended to pull the driver over, cite him for the infraction, and pass his information along to the strike force unit. As Officer Loomis pulled through the intersection, he observed the truck begin accelerating at a high rate of speed, reaching 45 miles an hour. Officer Loomis activated his overhead lights and sirens and followed the truck.
 {¶ 6} The driver of the truck made a few turns and his vehicle was fishtailing, went left of center, and proceeded to fishtail violently back and forth through a park area. During the pursuit, several vehicles pulled to the side of the road. When the driver pulled into the park area, Officer Loomis saw that a woman walking her dog had to step aside. The driver almost hit a light pole. The driver also was "spinning up" his tires and covered the zone car in mud. Once out of the park, the driver turned onto a street, turned into a driveway, and abruptly came to a stop. As Officer Loomis pulled up the driveway, he skidded into the back of the truck.
 {¶ 7} Officer Loomis testified that at the end of the chase he exited his vehicle at the same time the driver exited the truck. Officer Loomis stated he looked directly at the driver as the driver looked at him. They were about five to eight feet apart, and Officer Loomis was able to see the driver's face. The driver ran, and a foot chase ensued. Officer Loomis chased the driver through two yards but twisted his ankle in a rock garden and was unable to continue. Officer Loomis observed that the driver was an average-sized black male, probably 5'10" or 5'11", was shaven, and had a low haircut. At trial, Officer Loomis identified Craig as the driver.
 {¶ 8} During an inventory search of the truck, several pieces of mail addressed to Craig were found. One of the envelopes was opened and contained a statement from the Social Security Administration that had Craig's Social Security number on it.
 {¶ 9} On cross-examination, Officer Loomis identified a picture of the vehicle he chased and indicated the truck depicted did not have the word "Splash" on it and was an FSX Off Road. Defense counsel also pointed to a few inconsistencies in the police report. The report did not indicate that Officer Loomis and the driver of the truck exited their vehicles at "exactly" the same time. Defense counsel questioned Officer Loomis' ability to get a good look at the driver given the sequence of events. Officer Loomis indicated that after exiting his vehicle, he looked at the driver for an estimated two seconds as the driver looked back at him, and then the driver took off running. When asked whether two seconds was sufficient to allow him to identify the driver, Officer Loomis indicated: "Yes. At that range, absolutely." When questioned about why he identified the truck as a Ford Splash, Officer Loomis indicated he had been looking for a Splash that had been identified by the strike force unit.
 {¶ 10} Craig testified that he was not the driver of the truck and was not in the truck on the date of the incident. However, he confirmed that the mail found in the truck was his and that he had been in the truck before on one occasion. According to Craig, his friend had picked him up to take him to his grandmother's house and Craig left some of his mail in the truck. Craig stated that he did not know where his friend lived.
 {¶ 11} On this appeal, Craig has raised two assignments of error challenging his conviction and sentence as being against the sufficiency and manifest weight of the evidence. The assignments of error provide:
 {¶ 12} "I: The evidence was insufficient as a matter of law to support a finding beyond a reasonable doubt that appellant was guilty of failure to comply with order or signal of a police officer enhanced by the furthermore clause."
 {¶ 13} "II: Appellant's conviction for failure to comply with order or signal of a police officer along with the enhancement provision was against the manifest weight of the evidence."
 {¶ 14} When an appellate court reviews a record upon a sufficiency challenge, "the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Leonard, 104 Ohio St.3d 54, 67,2004-Ohio-6235, quoting State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 15} In reviewing a claim challenging the manifest weight of the evidence, the question to be answered is whether "there is substantial evidence upon which [the trier of fact] could reasonably conclude that all the elements have been proved beyond a reasonable doubt. In conducting this review, we must examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Leonard,104 Ohio St.3d at 68 (internal quotes and citations omitted).
 {¶ 16} The statute under which Craig was convicted, R.C.2921.331, provides in relevant part: "(B) No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop." A violation of this section is a felony of the third degree if the trier of fact finds beyond a reasonable doubt that "the operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property." R.C. 2921.331(5)(a)(ii).
 {¶ 17} The Ohio Revised Code defines a "substantial risk" as "a strong possibility, as contrasted with a remote or significant possibility, that a certain result may occur or that certain circumstances may exist." R.C. 2901.01(A)(8). It then defines "serious physical harm to persons" as:
"(a) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;
"(b) Any physical harm that carries a substantial risk of death;
"(c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;
"(d) Any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement;
"(e) Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain."
R.C. 2901.01(A)(5).
 {¶ 18} "Serious physical harm to property" is defined as: "Any physical harm to property that does either of the following:
"(a) Results in substantial loss to the value of the property or requires a substantial amount of time, effort, or money to repair or replace;
"(b) Temporarily prevents the use or enjoyment of the property or substantially interferes with its use or enjoyment for an extended period of time."
R.C. 2901.01(A)(6).
 {¶ 19} Under his sufficiency challenge, Craig argues that there was insufficient evidence to establish a substantial risk of serious physical harm to persons or property. Our review of the evidence reflects that during the incident, Craig drove through a stop sign, proceeded at a high rate of speed and his truck was fishtailing and went left of center during the chase, causing other vehicular traffic to pull aside. The chase proceeded into a park area where a pedestrian walking her dog had to step aside; Craig was "spinning up" the truck's tires, and the truck almost hit a light pole. Upon these facts, a conclusion could be made that a strong possibility of serious harm existed. See, e.g., State v. Robinson, Jefferson App. No. 04 JE 15,2005-Ohio-1343. We find that viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt, including that a substantial risk of serious physical harm to persons or property was caused by Craig.
 {¶ 20} Craig next argues that his conviction was against the manifest weight of the evidence. Under this assignment of error, Craig claims that the identification of Craig by Officer Loomis was questionable. Craig claims that Officer Loomis was able to view the driver for only two seconds and that it is questionable whether Officer Loomis was able to exit the vehicle at the "same time" as the driver of the truck and get a look at the driver before he ran away. Craig also refers to his own testimony that he was at one time a passenger in the truck and left some mail behind.
 {¶ 21} Our review of the record reflects that even if Officer Loomis did not exit his vehicle at the exact same moment as the driver of the truck, the testimony does establish that the sequence of events was very close in time. From the moment Officer Loomis observed the truck run a stop sign, he never lost sight of the truck or its driver until the end of the chase when Officer Loomis twisted his ankle. Officer Loomis testified that when he exited his vehicle, he and the driver looked at each other for a couple of seconds. When asked whether this was sufficient to allow him to identify the driver, Officer Loomis firmly responded: "Yes. At that range, absolutely." At trial, Officer Loomis was able to provide a detailed description of the driver and positively identified Craig as the driver of the truck. Mail was found in the truck addressed to Craig. Although Craig claims to have left the mail in the truck on a prior occasion, we find the trier of fact, viewing the record as whole, could find that Craig's testimony was not credible.
 {¶ 22} Upon our review of the record, we find there was substantial evidence upon which the trier of fact could reasonably conclude that all the elements were proved beyond a reasonable doubt. We conclude that Craig's conviction was not against the sufficiency or manifest weight of the evidence.
Craig's assignments of error are overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., and Calabrese, Jr., J., concur.