DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Ross County Common Pleas Court judgment of conviction and sentence. A jury found Roger Campbell, defendant below and appellant herein, guilty of failing to comply with the order of a police officer in violation of R.C. 2921.331.
 {¶ 2} Appellant's counsel (1) states that she has reviewed the record and can discern no meritorious claim on appeal; and (2) pursuant to Anders v. California (1967), 386 U.S. 738, 87 S.Ct. 1396,18 L.Ed.2d 493, requests to withdraw from the case. *Page 2 
 {¶ 3} Initially, we note that in Anders the United States Supreme Court held that if counsel determines, after a thorough and conscientious examination of the record, that the case is wholly frivolous, counsel should so advise the court and request permission to withdraw. Furthermore, counsel must accompany the request with a brief that identifies anything in the record that could arguably support the appeal. Id. Counsel must also provide appellant with a copy of the brief and allow him sufficient time to raise any matters that he so chooses. Id. Once these requirements have been satisfied, the appellate court must fully examine the trial court proceedings to determine if meritorious issues exist. If the appellate court determines that the appeal is frivolous, it may either grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or it may proceed to a decision on the merits if state law so requires. Id.
 {¶ 4} Counsel assigned one potential assignment of error for review:
 "IN VIOLATION OF DUE PROCESS AND HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL, MR. CAMPBELL WAS FOUND GUILTY OF FAILURE TO COMPLY WHEN SUCH A FINDING WAS NOT BASED ON SUFFICIENT EVIDENCE[.]
 {¶ 5} Additionally, appellant filed a pro se brief and has assigned potential errors as follows:[1] *Page 3 
 FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN TO [sic] APPELLANT'S SUBSTANTIAL PREJUDICE BY IMPOSING A THREE YEAR PRISON TERM WHEN THE RECORD FAILS TO SUPPORT SUCH A SENTENCE."
 SECOND ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT IMPOSED A SENTENCE CONTRARY TO LAW." THIRD ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE WHEN IT PERMITTED STATE TO CIRCUMVENT APPELLANT'S SIXTH AMENDMENT SPEEDY TRIAL RIGHTS."
 FOURTH ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY FAILING TO ADVISE OF POST RELEASE CONTROL SANCTIONS."
 {¶ 6} On January 17, 2006, at approximately 12:07 AM, Chillicothe Police Department Officer William Anderson patrolled the vicinity of South Paint Street when he noticed a car drive through a red light. Anderson turned to follow the car, but when he activated his lights and siren, the vehicle sped off and led Anderson on a chase for several blocks. Anderson discontinued pursuit. A short time later, Officer Casey Cox observed and pursued the vehicle. The driver, later identified as appellant, abandoned the car and left on foot, but was apprehended shortly thereafter.
 {¶ 7} The Ross County Grand Jury returned an indictment charging appellant with failure to comply with the order of a *Page 4 
police officer in violation of R.C. 2921.331, and receiving stolen property in violation of R.C. 2913.51. The latter charge was subsequently dismissed and the matter proceeded to a jury trial.
 {¶ 8} At trial, Officers Anderson and Cox recounted their version of the events. Appellant offered no evidence and the jury found him guilty. The jury also concluded that appellant's actions "caused a substantial risk of serious physical harm to persons or property."[2] At the sentencing hearing the trial court sentenced appellant to serve a three year prison term to be served consecutively to a seventeen month term imposed in another case. This appeal followed.
 I {¶ 9} Appellant and appellate counsel both assert that insufficient evidence exists to support a guilty verdict. Our analysis begins with the fundamental premise that in a review for the sufficiency of evidence, appellate courts look to the adequacy of evidence. State v. May, Highland App. No. 06CA10, 2007-Ohio-1428, at ¶ 23. In other words, the appellate court must decide whether the evidence, if believed, supports a finding of guilt beyond a reasonable doubt. See State v. Thompkins (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541; State v. Jenks (1991), *Page 5 61 Ohio St.3d 259, 273, 574 N.E.2d 492. The standard of review is whether, after viewing the evidence and all inferences reasonably drawn therefrom in a light most favorable to the prosecution, a rational trier of fact could have found all of the essential elements of the offense beyond a reasonable doubt. State v. Hancock, 108 Ohio St.3d 57, 840 N.E.2d 1032,2006-Ohio-160, at ¶ 34; State v. Jones (2000), 90 Ohio St.3d 403, 417,739 N.E.2d 300.
 {¶ 10} Appellant was found guilty of willfully eluding police after he was signaled to stop his car. R.C. 2921.331(B). He was also found to have posed a substantial risk of serious physical harm to both persons and property. Id. at (C)(5)(a)(ii). Appellant and his counsel argue that insufficient evidence exists to support the jury's verdict on the specification that appellant posed a substantial risk of physical harm to people or property. We disagree.
 {¶ 11} Officer Anderson testified that during the chase, appellant ran a stop sign, drove at a high rate of speed the wrong way on a one-way street that also contained pedestrians. Officer Cox testified that during his portion of the chase, appellant drove at a "high rate of speed" over a curb and sidewalk and through someone's "front yard." Two other motorists reported to Officer Cox that appellant ran a stop sign and almost struck their car while travelling through an intersection. *Page 6 
 {¶ 12} After our review of the record, we believe that ample evidence supports the jury's finding that appellant posed a substantial risk of serious physical harm to people and property.
Accordingly, we hereby overrule appellant's assignments of error.[3]
 II {¶ 13} Appellant argues in his first pro se assignment of error that a three year prison sentence is not warranted in this case. We find no merit to this argument.
 {¶ 14} First, appellant committed a third degree felony. See R.C. 2929.331(B) (C)(5)(a)(ii). Available prison sentences range from one to five years. R.C. 2929.14(B)(3). Trial courts have discretion to sentence offenders to any prison sentence within the statutory range. State v. Foster, 109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856, at paragraph seven of the syllabus. Moreover, a sentence will generally not be reversed absent an abuse of discretion. Abuse of discretion can be defined as something more than an error of law or judgment; rather, an abuse of discretion implies that the court's attitude was unreasonable, arbitrary or unconscionable. See State v. Clark (1994),71 Ohio St.3d 466, 470, 644 N.E.2d 331, 335. *Page 7 
 {¶ 15} In view of the aforementioned evidence concerning the risk that appellant posed to the public, we find nothing arbitrary, unreasonable or unconscionable about the trial court's sentence, which fell in the middle of the statutory range. We also point out that appellant's argument is partially based on a flawed premise. He contends that a three year prison sentence is unfair because he "has no prior criminal record." The sentencing hearing transcript reveals, however, colloquies between the court and counsel detailing appellant's prior convictions for gross sexual imposition, driving without an operator's license, failure to register as a sex offender and operating a vehicle under the influence of alcohol.
 {¶ 16} Accordingly, we find no merit in appellant's first pro se assignment of error and it is hereby overruled.
 III {¶ 17} Appellant argues in his second pro se assignment of error that his sentence is unlawful because at the time of his conviction, he had never been in prison. Thus, appellant asserts that the trial court was required to sentence him to the statutory minimum sentence pursuant to R.C. 2929.14(B)(1) and the court's failure to do so violated his constitutional Due Process rights. Again, we disagree.
 {¶ 18} First, it is unclear from the record whether appellant has served prison time. Second, the Ohio Supreme Court decided Foster in February 2006, a month after the incident in this case, *Page 8 
but several months prior to appellant's indictment. Therefore, it is not clear whether a retroactivity question is even at issue here. Third, even if a question exists about constitutionally applying Foster retroactively, we have considered that issue on many occasions and have rejected it each time. See e.g State v. Henthorn, Washington App. No. 06CA62, 2007-Ohio-2960, at ¶ 1; State v. Henry, Pickaway App. No. 06CA8,2006-Ohio-6942, at ¶¶ 11-12; State v. Grimes, Washington App. No. 04CA17,2006-Ohio-6360, at ¶¶ 8-11. Appellant cites nothing in his brief to prompt us to reconsider that decision and we adhere to our previous rulings.
 {¶ 19} Accordingly based upon the foregoing reasons we hereby overrule appellant's second pro se assignment of error.
 IV {¶ 20} Appellant asserts in his third pro se assignment of error that his speedy trial rights have been violated. We need not address the merits of that argument, however, because it appears that appellant failed to raise this issue in the trial court. It is well-settled that the failure to raise a speedy trial issue prior to the commencement of trial waives that issue on appeal. See State v. Simms, Franklin App. Nos. 05AP-806 05AP-807, 2006-Ohio-2960, at ¶ 10; State v. Peoples (Sep. 20, 1995), Hamilton App. No. C-940809; State v. Wells (Jan. 19, 1994), Greene App. No. 92-CA-122. Because the issue was not raised during the trial court proceedings, neither party had the opportunity to introduce evidence concerning appellant's stay in jail or whether his detention resulted solely from this charge or *Page 9 
another charge for purposes of applying the R.C. 2945.71(E) "triple-count" mechanism. Appellant argues that he was incarcerated but released "[s]ometime later." We cannot speculate on the length of that time period. Because appellant did not raise this issue prior to trial, at a time when it could have been fully developed, the matter is waived for purposes of this appeal.
 {¶ 21} Accordingly based upon the foregoing reason we hereby overrule appellant's third pro se assignment of error.
 V {¶ 22} Appellant asserts in his fourth pro se assignment of error, citing State v. Jordan, 104 Ohio St.3d 21, 817 N.E.2d 864,2004-Ohio-6085, that the trial court did not provide him notice about post-release control during his sentence hearing. We disagree with appellant.
 {¶ 23} Our review of the sentencing hearing transcript and the sentencing entry reveals that the trial court informed appellant about post release control. Accordingly, we hereby overrule appellant's fourth pro se assignment of error.
 {¶ 24} Having reviewed all potential assignments of error included in the two briefs, and having found no merit in any assignment of error, we hereby grant appellate counsel's motion to withdraw and we hereby affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY *Page 10 
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. Kline, J.: Concur in Judgment Opinion
[1] Appellant actually assigns five errors in his brief, but his first assignment of error is a statement that adopts his counsel's assignment of error. We will treat appellant's second assignment of error as his first assignment of error.
[2] A R.C. 2921.331 violation is usually designated a first degree misdemeanor. Id. at (C). The offense is elevated to a third degree felony, however, if the trier of fact determines, inter alia, that the driver posed a substantial risk of serious physical harm to persons or property. Id. at (C)(5)(a)(ii).
[3] Other cases in which courts have found that similar actions (i.e. driving at a high rate of speed or running stop signs/red lights) posed a substantial risk of physical harm to people and property, seeState v. Craig, Cuyahoga App. No. 86320, 2006-Ohio-564, at ¶ 19;State v. Dye, Richland App. No. 2004-CA-53, 2005-Ohio-489, at ¶ 36;State v. Lyons (Jul. 20, 1993), Franklin App. No. 92AP-1642. *Page 1