DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, Ashley Michael, appeals the judgment of conviction and sentence entered in the Adams County Court of Common Pleas in connection with her pleas of guilt to involuntary manslaughter, a felony of the first degree, in violation of R.C. 2903.04(A), and tampering with evidence, a felony of the third degree, in violation of R.C.2921.12(A)(1). On appeal, Appellant asserts that 1) her sentence was in violation of the Sixth Amendment of the United States Constitution and in violation of the Ohio Constitution; 2) the court abused its discretion in its findings and analysis of the R.C. 2929.12 sentencing factors; 3) the trial court erred when it failed to impose the minimum prison term on each count; 4) the trial court erred by imposing the maximum allowable sentence without specifically finding the factors set forth in R.C. 2929.14(C) and 2929.19(B)(2)(e); and 5) the trial court erred in imposing consecutive sentences. Because we find that Appellant's first, third, fourth and fifth assignments of error, all of which deal with the trial court imposition of non-minimum, consecutive sentences, have merit in light of the recent Supreme Court of Ohio holding in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, we vacate Appellant's sentence and remand to the trial court for resentencing. Our disposition of these assignments of error render Appellant's remaining assignment of error moot.
 {¶ 2} On February 18, 2005, Appellant was indicted for murder, in violation of R.C. 2903.02(A) and tampering with evidence, in violation of R.C. 2921.12(A)(1). Appellant eventually pled guilty to an amended charge of involuntary manslaughter, a felony of the first degree, in violation of R.C. 2903.04(A), and the original charge of tampering with evidence, a felony of the third degree.
 {¶ 3} The matter proceeded to sentencing where the trial court imposed a prison term of nine years for the involuntary manslaughter conviction, and a prison term of three years for the tampering with evidence conviction. The trial court ordered that the sentences be served consecutively for a total of twelve years.
 {¶ 4} Appellant now brings her appeal, assigning the following errors for our review.
 {¶ 5} "I. APPELLANT'S SENTENCE WAS IN VIOLATION OF THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND IN VIOLATION OF THE OHIO CONSTITUTION.
 {¶ 6} II. THE COURT ABUSED ITS DISCRETION IN ITS FINDINGS AND ANALYSIS OF THE R.C. § 2929.12
SENTENCING FACTORS.
 {¶ 7} III. THE TRIAL COURT ERRED WHEN IT FAILED TO IMPOSE THE MINIMUM PRISON TERM ON EACH COUNT.
 {¶ 8} IV. THE TRIAL COURT ERRED BY IMPOSING THE MAXIMUM ALLOWABLE SENTENCE WITHOUT SPECIFICALLY FINDING THE FACTORS SET FORTH IN R.C.
§ 2929.14(C) AND R.C. § 2929.19(B)(2)(e)
 {¶ 9} V. THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES."
 {¶ 10} Appellant's first, third, fourth and fifth assignments of error all concern her felony sentences. While Appellant alleges in her first assignment of error that the sentences imposed upon her violate the Supreme Court of Ohio's holding in State v. Foster, supra, which declared certain sentencing statutes unconstitutional, she curiously argues in her third, fourth and fifth assignments of error that the trial court failed to make the precise findings at the time of sentencing that Foster held to be unconstitutional.
 {¶ 11} Because the record reflects that the trial court applied R.C.2929.14(B) and (E)(4), and R.C. 2929.19(B)(2)(e), all of which were rendered unconstitutional by the Foster decision, we must vacate Appellant's sentence and remand for resentencing. In light of the Supreme Court of Ohio's holding in Foster, we conclude that any application of an unconstitutional statute renders that entire sentence void, even though the surviving sections of the sentencing statute may support the sentence. State v. Hilderbrand, Adams App. No. 06CA819,2006-Ohio-4384.
 {¶ 12} In her second assignment of error, Appellant argues that the trial court abused its discretion in its findings and analysis of the R.C. 2929.12 factors. This Court has recently noted that "R.C. 2929.12
is a `general guidance statute,' rather than a `Blakely deficient'[1]
statute that mandates `judicial fact-finding.' In other words, R.C.2929.12 merely requires trial courts to `consider' enumerated statutory factors * * *. Thus, the supreme court explicitly determined that R.C.2929.12 does not offend the Sixth Amendment to the United States Constitution." State v. Delong, Adams App. No. 05CA815, 2006-Ohio-2753; citing Foster, supra; See, also, State v. Raisley, Ross App. No. 05CA2867, 2006-Ohio-1388.
 {¶ 13} However, we conclude that we need not address this assignment of error because Appellant's sentence is being vacated pursuant toState v. Foster and any error in the original sentence such as those claimed here are rendered moot. Accordingly, Appellant's sentence is vacated and remanded for resentencing.
 JUDGMENT VACATED AND CAUSE REMANDED. JUDGMENT ENTRY
It is ordered that the JUDGMENT BE VACATED AND CAUSE REMANDED and that the Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal
period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Abele, J.: Concurs in Judgment and Opinion.
Kline, J.: Concurs in Judgment Only.
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes a finaljudgment entry and the time period for further appeal commences from thedate of filing with the clerk.
[1] Blakely v. Washington (2004), 542 U.S.296.