DECISION AND JUDGMENT ENTRY
{¶ 1} Defendant/Appellant Brock Smith appeals from the sentence imposed by the Lawrence County Court of Common Pleas. Appellant contends that the trial court erred and abused its discretion in sentencing him more than the minimum term authorized for the offense charged. In light of the Supreme Court of Ohio's recent decision imposed in State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, we vacate the sentence imposed on Appellant remand the case to the Lawrence County Common Pleas Court for a new sentencing hearing. *Page 2 
 {¶ 2} On July 20, 2004, a jury found Appellant guilty of aggravated burglary, a felony of the first degree, in violation of R.C.2911.01(A)(1), and also found that a firearm specification was appropriate.[1] As a result of this conviction, the trial court sentenced Appellant to a non-minimum term of imprisonment of nine years and also ordered that Appellant serve the three-year firearm specification consecutively to the nine-year term of imprisonment. Appellant originally appealed the imposition of the nine-year, non-minimum term of imprisonment on August 13, 2004, contending that the trial court erred by failing to follow the required statutory guidelines. We agreed and therefore remanded the issue to the trial court for re-sentencing.
 {¶ 3} Appellant was re-sentenced on July 6, 2005. At the re-sentencing hearing, the trial court again sentenced Appellant to a nine-year, non-minimum term of imprisonment, making findings pursuant to R.C.2929.14(B)(2) in support of its deviation from a presumptive, minimum sentence. The three year term related to the firearm specification was again ordered to be served consecutively to the nine-year term. Appellant *Page 3 
appealed from his first re-sentencing and this Court reversed on the authority of State v. Foster, supra.
 {¶ 4} Appellant was then re-sentenced for a second time on July 12, 2006. The trial court again imposed a non-minimum sentence of nine years for the aggravated burglary conviction, as well as a three year sentence for the firearm specification, to be served consecutively. It is from this second re-sentencing that Appellant brings his current appeal, assigning a single assignment of error for our review.
 "I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN SENTENCING DEFENDANT/APPELLANT TO MORE THAN THE MINIMUM TERM AUTHORIZED FOR THE OFFENSE CHARGED."
 {¶ 6} Appellant essentially argues that the trial court's findings in support of its deviation from a presumptive, minimum sentence are not supported by the record. Specifically, Appellant argues that the trial court's findings that Appellant's conduct was "egregious" and constituted the "worst form of the offense" are not supported by the record, arguing instead that "[t]here is nothing in the record that the robber threatened anyone, much less inflicted any injury on any." (sic) Appellant argues that the trial court's insistence on again imposing the same sentence as before indicates the lack of a "fresh analysis" by the trial court, ultimately arguing that the trial court abused its discretion. *Page 4 
 {¶ 7} After our review of the record, we agree with Appellant's contention that the trial court erred when it re-sentenced Appellant, albeit for different reasons. As we stated in the prior appeal of this matter, the Supreme Court of Ohio recently held in Foster, supra, that certain Ohio felony sentencing statutes violate the Sixth Amendment to the United States Constitution. R.C. 2929.14(B), which requires judicial factfinding before imposition of a sentence greater than the maximum term authorized by a jury verdict or admission of the defendant, is amongst the number of statutes deemed unconstitutional in Foster.Foster, supra, at ¶ 83.
 {¶ 8} In his second re-sentencing, the matter which is now before us, it appears that Appellant was again sentenced to a greater-than-minimum sentence for his crime by means of R.C. 2929.14(B)(2), which permits such an upward deviation in the sentence if the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others. At the second re-sentencing hearing, the trial court stated, with regard to the commission of the crime, as follows:
 "I do think it's close to the worse (sic) form of the offense of an aggravated matter in this case. I'm going to find that appropriate for the safety of the public and as a deterrent and penalty to the Defendant that he be incarcerated in the appropriate penal institution for nine years. * * * To do less I think would in fact demean the seriousness of the *Page 5 
offense and I do think that it would certainly protect the public."
 {¶ 9} Thus, the record reflects that the trial court again applied R.C. 2929.14(B) and also (C), both of which were rendered unconstitutional by the Foster decision. Accordingly, we must once again vacate Appellant's sentence and remand for re-sentencing. In light of the Supreme Court of Ohio's holding in Foster, we conclude that any application of an unconstitutional statute renders that entire sentence void, even though the surviving sections of the sentencing statute may support the sentence. State v. Michael, Adams App. No. 05CA817,2006-Ohio-6701; citing State v. Hilderbrand, Adams App. No. 06CA819,2006-Ohio-4384.
 {¶ 10} When a sentence is deemed void, "the ordinary course is to vacate that sentence and remand to the trial court for a new sentencing hearing." Foster, supra, at ¶ 103, citing State v. Jordan,104 Ohio St.3d 21, 27, 2004-Ohio-6085, 817 NE.2d 864. Therefore, the proper procedure in this case is to vacate the sentence imposed on Appellant and remand the case to the Lawrence County Common Pleas Court to conduct a new sentencing hearing.
 {¶ 11} Accordingly, the sentence imposed by the Lawrence County Court of Common Pleas is vacated, and the case is remanded for a new sentencing hearing in accordance with the directives announced by the Supreme Court of Ohio in Foster, supra. *Page 6 
 SENTENCE VACATED AND CAUSE REMANDED. JUDGMENT ENTRY
It is ordered that the SENTENCE BE VACATED AND THE CAUSE REMANDED and that the Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J.: Concurs in Judgment and Opinion. Kline, J.: Dissents.
For the Court,
Matthew W. McFarland, Presiding Judge
 NOTICE TO COUNSEL *Page 7 Pursuant to Local Rule No. 14, this document constitutes a finaljudgment entry and the time period for further appeal commences from thedate of filing with the clerk.
[1] At his original trial, Appellant was also convicted of felonious assault, with a firearm specification, which sentences were ordered to be served consecutively to the aggravated burglary sentence. However, we reversed Appellant's conviction related to the charge of felonious assault, along with the firearm specification, and ordered a new trial. The current appeal is limited to the re-sentencing on the aggravated burglary conviction only. *Page 1