{¶ 1} Defendant-appellant Larry Nicklson appeals from the sentence imposed upon him at his resentencing hearing following this court's decision in State v. Nicklson, Cuyahoga App. No. 87225, 2006-Ohio-5935
("Nicklson I"), which vacated, *Page 3 
pursuant to State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the nine-year sentence imposed upon him in 2005 for his original 1997 conviction for rape.
 {¶ 2} Nicklson argues in his sole assignment of error that the application of the Foster decision to his conviction violates the Ex Post Facto and Due Process Clauses of the United States Constitution; rather, the trial court was required to impose only the "statutory minimum" term of three years.
 {¶ 3} This court disagrees. Consequently, Nicklson's sentence is affirmed.
 {¶ 4} The facts underlying Nicklson's conviction in this case previously were set forth in Nicklson I. Briefly stated, he entered a guilty plea in 1997 to one count of forcible rape in exchange for the state's dismissal of the four other counts of the indictment. Nicklson received a sentence of five to twenty-five years.
 {¶ 5} However, in 2005, the state filed a request in the trial court to conduct a new sentencing hearing, pointing out that Nicklson's crime took place after S.B. 2 became effective; pursuant to its terms, Nicklson's conviction required a definite sentence. The trial court agreed. Just prior to the release of the decision in Foster, the trial court sentenced Nicklson to a term of nine years, to be served consecutively to his convictions and sentences in two other cases, one of which was a conviction for murder with a sentence of eighteen years to life.
 {¶ 6} Nicklson I addressed the consecutive nature of his sentence based upon Foster. Since the trial court had relied upon statutesFoster deemed *Page 4 
unconstitutional, Nicklson's sentence in this case was vacated, and the matter was remanded for resentencing. This court's decision was released on November 9, 2006.
 {¶ 7} The trial court held his resentencing hearing on January 8, 2007.[1] After setting forth the facts leading to the proceeding, and commenting that Nicklson's criminal record indicated he was "an extremely dangerous individual," the trial court permitted Nicklson and his attorney to speak at length.[2]
 {¶ 8} Subsequently, the trial court reiterated that Nicklson's "multiple convictions" for crimes that included murder and rape, together with his current attempt to avoid responsibility for committing the offense, led the court to conclude that a nine-year sentence remained both "appropriate" and "proportionate" in this *Page 5 
case. Once again, the term was to be served consecutively to the sentences imposed in two other cases.
 {¶ 9} Nicklson presents the following as his sole assignment of error:
 {¶ 10} "I. The trial court denied Mr. Nicklson due process of law, bysentencing him to more than a minimum term of imprisonment, in violationof the ex post facto doctrine. Fifth and Fourteenth Amendments,Article I, Section 10, United States Constitution."
 {¶ 11} Nicklson argues that the application of Foster to his case violates his federal constitutional rights; he argues the United States Supreme Court's decision in Blakely v. Washington (2004), 542 U.S. 296, requires rather that he receive only the statutory minimum term for a first-degree felony conviction.
 {¶ 12} Nicklson, however, never raised this argument in the trial court. Instead, he sought to convince the court to order his sentence in this case to be run concurrently to the sentences in the other two cases. Therefore, he has waived this argument for purposes of appeal.State v. Awan (1986), 22 Ohio St.3d 120.
 {¶ 13} Even if he had not, this court previously has rejected the same argument Nicklson presents. See, e.g., State v. Tenbrook, Cuyahoga App. No. 89424, 2008-Ohio-53, citing State v. Mallette, Cuyahoga App. No. 87984, 2007-Ohio-715, discretionary appeal not allowed, State v.Mallette, 115 Ohio St.3d 1439, 2007-Ohio-5567. The sentencing range for Nicklson's conviction remained the *Page 6 
same at the time of sentencing as it did when he committed the offense; thus, Foster neither judicially increased the range, nor did it retroactively apply a new statutory maximum. Consequently, its remedial holding does not violate either Nicklson's right to due process or the prohibition against ex post facto laws contained therein. Id., T|47.
 {¶ 14} Accordingly, his sole assignment of error is overruled.
 {¶ 15} Nicklson's sentence is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence
A certified copy of this entry shall constitute the mandate pursuant to
Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, P.J., and MARY EILEEN KILBANE, J., CONCUR
[1] A review of the record after this point indicates Nicklson initially filed a timely notice of appeal from the resentencing hearing held on that day, but this court later dismissed his appeal on April 3, 2007, for his "failure to file the record." Nicklson thereafter filed a motion to reinstate the appeal, but his motion was denied on June 4, 2007, for his failure to file his request pursuant to App.R. 5(A). Two days later, the trial court conducted yet another resentencing hearing, and, again, maintained a nine-year term was appropriate for Nicklson's conviction in this case. On June 14, 2007, Nicklson filed his motion in this court for a delayed appeal. This court reinstated his appeal from the January 8, 2007, hearing; thus causing the June 6, 2007, hearing to be moot. Similarly to his omission at the January 8, 2007, resentencing proceeding, at the June hearing, Nicklson raised no constitutional challenge to the application of Foster to his case.
[2] The trial court, therefore, complied with the supreme court's directive that the hearing be conducted de novo. See, e.g., State v.Bezak, 114 Ohio St.3d 94, 2007-Ohio-3250. *Page 1