JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Maurice McCullen appeals from his convictions and his sentence after he entered guilty pleas to one count of forcible rape and one count of felonious assault. McCullen additionally challenges the constitutionality of R.C. 2950.031, which places residency restrictions upon those offenders, like him, who are classified as sexual predators pursuant to R.C. 2950.09.
 {¶ 2} McCullen presents five assignments of error. In addition to his claim that R.C. 2950.031 is unconstitutional, he asserts that the trial court improperly convicted him of both charges, claiming it first should have conducted a hearing to determine whether, in this case, rape and felonious assault were "allied offenses." He further claims that his sentence is improper because the trial court gave no reasons for its decision to impose a term that totaled nine years, and failed to indicate it had considered whether the sentence was consistent with those imposed on similar offenders.
 {¶ 3} This court has reviewed the record, and determines McCullen's claims lack merit. Consequently, his assignments of error are overruled. His convictions, sentence, and classification, therefore, are affirmed.
 {¶ 4} McCullen's indictment in this case results from an incident which occurred at the adult female victim's home on September 30, 2004. According to the statement the victim provided to the police, she permitted McCullen, a former boyfriend, to stay overnight at her apartment. Sometime during the night, he *Page 4 
attacked her sexually. Subsequently, in a fit of rage, he went on a rampage in which he destroyed some items, including furniture, and then used a piece of furniture wood to strike her several times on her leg.
 {¶ 5} The Cuyahoga County Grand Jury eventually in 2006 indicted McCullen on six counts, viz., aggravated burglary, two counts of rape, one count of kidnapping, and two counts of felonious assault. Each of the counts carried a notice of prior conviction and a repeat violent offender ("RVO") specification, and each of the latter three counts additionally carried a sexual motivation specification.
 {¶ 6} McCullen subsequently entered into a plea agreement with the state. In exchange for his plea of guilty to one count of rape and one count of felonious assault, amended to delete the notices of prior conviction and the specifications, the state would dismiss the remaining counts. The trial court conducted a careful colloquy prior to accepting McCullen's pleas. The court then referred McCullen for a presentence report and a sexual classification evaluation.
 {¶ 7} Approximately a month and a half later,[1] McCullen appeared for the disposition of his case. The trial court first conducted the sexual classification hearing. The court noted it had received the evaluation, listened to both defense counsel and the prosecutor, and then indicated that since McCullen had a record of violence against women, along with the highest score on the recidivism scale the *Page 5 
court had ever seen, McCullen should be classified as a sexual predator.
 {¶ 8} The court thereupon proceeded to sentencing. Defense counsel noted that McCullen's use of PCP and his failure to take his psychotropic medication had precipitated the offenses, but he had accepted responsibility for his actions. Counsel requested the court to consider that the factual context in which the crimes were committed made them "allied offenses," and thus deserved only one sentence.
 {¶ 9} The prosecutor, however, disputed defense counsel's characterization, indicating that, according to the victim, the crimes were separated in time. Afterward, the victim addressed the court to describe how she had been affected by McCullen's actions. For his part, McCullen apologized to her.
 {¶ 10} The trial court, deciding that McCullen's crimes were not "allied offenses * * * based upon the fact pattern," ultimately imposed consecutive terms of seven years and two years for his two convictions.
 {¶ 11} McCullen now appeals with the following assignments of error.
 "I. R.C. 2950.031 violates the Due Process Clauses of the United States and Ohio Constitutions.
 "II. The trial court erred when it failed to conduct a hearing to determine whether convicting Mr. McCullen for both rape and felonious assault would be in violation of R.C. 2941.25 (allied offenses) and a denial of Mr. McCullen's rights to protection from double jeopardy guaranteed by Art. *Page 6 I, Section 10 of the Ohio Constitution and the Fifth and Fourteenth Amendments to the United States Constitution.
 "III. The trial court erred in failing to merge counts two and five before imposing sentence.
 "IV. The trial court abused its discretion and violated Appellant's rights to due process and meaningful appellate review when it offered no reasons for imposing a maximum (sic) sentence.
 "V. Appellant's sentence is contrary to law and violative of due process because the trial court failed to consider whether the sentence was proportional to the offense conduct and consistent with the sentences imposed for similar crimes committed by similar offenders."
 {¶ 12} In his first assignment of error, McCullen asserts R.C. 2950.031[2] violates his constitutional rights to liberty and privacy. That statute prohibits a person who has been convicted of a sexually oriented offense from establishing a residence or occupying residential premises within one thousand feet of any school.
 {¶ 13} McCullen, however, failed to raise the constitutionality issues in the trial court, therefore, he has waived them for purposes of appellate review. State v. Awan (1986), 22 Ohio St.3d 120. Moreover, he has failed to present any evidence to demonstrate he has suffered any actual deprivation of his rights by operation of the *Page 7 
statute. State v. Bruce, Cuyahoga App. No. 89641, 2008-Ohio-926,1fl[10, 12.
 {¶ 14} McCullen's argument is based only upon an assumption that the residency requirements eventually will affect him. Id., ¶ 11. This issue is not yet ripe for review. State v. Freer, Cuyahoga App. No. 89392,2008-Ohio-1257, ¶ 30.
 {¶ 15} For the foregoing reasons, his first assignment of error is overruled.
 {¶ 16} McCullen argues in his second and third assignments of error that the trial court acted improperly when, without conducting a full hearing, it determined his convictions were not "allied offenses" pursuant to R.C. 2941.25. McCullen supports this argument with legal authority that predates the supreme court's analysis of the test to be applied as set forth in State v. Rance, 85 Ohio St.3d 632,1999-Ohio-291.
 {¶ 17} In Rance, the court recognized that the Ohio legislature intended to permit, "in appropriate cases, cumulative punishments forthe same conduct." Id., at 639. Thus, the first step is to compare the elements of the crimes in the abstract. Id. If, "in comparing the elements of the offenses in the abstract, the offenses are so similar that the commission of one offense will necessarily result in commission of the other, then the offenses are allied offenses of similar import."State v. Cabrales, 118 Ohio St.3d 54, paragraph one of the syllabus.
 {¶ 18} "An abstract comparison of rape to felonious assault reveals an exclusive, divergent element: felonious assault requires `serious physical harm' while rape does not. R.C. 2903.11(A)(1)."State v. Cain, Hocking App. No. 99CA025, 2001-Ohio-2447 (Emphasis added.) The victim of the offense of rape *Page 8 
obviously suffers physical harm, however, the commission of that crime does not "necessarily result" in serious physical harm.[3] Thus, various courts in Ohio "have concluded that rape and felonious assault are not allied offenses of similar import." State v. McClaskey, Pickaway App. No. 06CA24, 2007-Ohio-5867, ¶ 27.
 {¶ 19} Since these offenses are of dissimilar import, R.C. 2941.25
permits the trial court to punish an offender for each crime. State v.Cain, supra; State v. Cabrales, supra. The trial court, therefore, committed no error in either failing to conduct a separate hearing on the issue, or in determining that a sentence for each of McCullen's convictions was appropriate.
 {¶ 20} Accordingly, McCullen's second and third assignments of error also are overruled.
 {¶ 21} McCullen argues in his fourth and fifth assignments of error that the trial court committed error in failing to provide either any justification for its decision to impose a total term of nine years, or any indication that it had considered R.C. 2929.12 before choosing that particular term. His argument is rejected for three reasons.
 {¶ 22} First, this is an issue that McCullen never raised during the proceeding, when the trial court was in a position to rectify any such "omission"; under these circumstances, his claim of error is waived for purposes of appeal. State v. Awan, *Page 9 
supra.
 {¶ 23} Second, pursuant to State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, and State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, trial courts retain "full discretion" to impose a prison sentence within the statutory range; courts no longer are required to make findings or give reasons for imposing consecutive or more-than-minimum sentences. As long as the sentence is supported in the record and complies with the law, it will be upheld on appeal. State v. Goins, Cuyahoga App. No. 89232, 2007-Ohio-6310, ¶ 14.
 {¶ 24} McCullen received a sentence of seven years for committing the crime of rape on an adult female victim, a first-degree felony, and two years for additionally committing the crime, some time later, of felonious assault with a "deadly weapon," a second-degree felony. Each of these terms was within the statutory range for those offenses. R.C. 2929.14. Indeed, McCullen's lengthy criminal history, which includes a conviction for attempted murder, could support a maximum consecutive sentence, rather than the middle range and minimum terms he received for these two convictions.
 {¶ 25} Finally, McCullen's sentence is consistent with sentences imposed for similar crimes on similar offenders. See, e.g., State v.Nicklson, Cuyahoga App. No. 89421, 2008-Ohio-1251; State v.McClaskey, supra.
 {¶ 26} Accordingly, McCullen's fourth and fifth assignments of error also are overruled. *Page 10 
 {¶ 27} McCullen's convictions, classification as a sexual predator, and sentences are affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, A.J., and ANTHONY O. CALABRESE, JR., J., CONCUR
[1] The proceeding took place in late June 2007.
[2] Effective July 1, 2007, that section was amended and renumbered from R.C. 2950.031 to R.C. 2950.034 by S.B. 10.
[3] This is not to say that the victim does not suffer serious psychological harm as a result of the crime of rape. *Page 1