DECISION AND JUDGMENT
{¶ 1} Appellant, Vince D. Dinkins, appeals from his convictions for rape and aggravated assault. For the reasons that follow, we affirm.
 {¶ 2} On July 9, 2007, appellant entered no contest pleas to one count of rape, a violation of R.C. 2907.02 and a felony of the first degree, and one count of aggravated assault, a violation of R.C. 2903.12 and a felony of the fourth degree. He was sentenced *Page 2 
to serve ten and one-half years in prison. Appellant now appeals setting forth the following assignments of error:
 {¶ 3} "I. The trial court erred in sentencing appellant to consecutive sentence for the rape and aggravated assault as the two charges have the same animus and the sentences should have been merged pursuant to R.C. 2941.25.
 {¶ 4} "II. The maximum sentence on the aggravated assault and the consecutive sentence to the rape charge violates Apprendi v. NewJersey (2000) 530 U. S. 466, 120, S.Ct. 2348 and the legislative intent behind senate bill 2."
 {¶ 5} In his first assignment of error, appellant contends that rape and aggravated assault are allied offenses of similar import and that they should have merged into one offense for purposes of sentencing.
 {¶ 6} R.C. 2941.25 provides:
 {¶ 7} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 {¶ 8} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them." *Page 3 
 {¶ 9} As the Supreme Court of Ohio explained in State v. Rance,85 Ohio St.3d 632, 1999-Ohio-291:
 {¶ 10} "If the elements of the crimes `correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import.' If the elements do not so correspond, the offenses are of dissimilar import and the court's inquiry ends-the multiple convictions are permitted." (Citations omitted.)
 {¶ 11} The elements of rape, a violation of R.C. 2907.02(A)(2) and (B) are as follows:
 {¶ 12} "No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force.
 {¶ 13} "Whoever violates this section is guilty of rape, a felony of the first degree."
 {¶ 14} The elements of aggravated assault, a violation of R.C. 2903.12(A)(1), are as follows:
 {¶ 15} "No person, while under the influence of sudden passion or in a sudden fit of rage, either of which is brought on by serious provocation occasioned by the victim that is reasonably sufficient to incite the person into using deadly force, shall knowingly:
 {¶ 16} "Cause serious physical harm to another or to another's unborn; * * *"
 {¶ 17} Appellant's argument is without merit. Rape can be proven without showing serious physical harm and aggravated assault can be proven without showing *Page 4 
sexual conduct. See State v. McClaskey, 4th Dist. No. 06CA24,2007-Ohio-5867. Thus, the two crimes are not allied offenses of similar import for purposes of R.C. 2941.25. Appellant's first assignment of error is found not well-taken.
 {¶ 18} In his second assignment of error, appellant contends that the trial court erred in sentencing him to consecutive, maximum sentences. Appellant is essentially asking this court to ignore the Supreme Court of Ohio's decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. "As an intermediate appellate court, we are bound by the Ohio Supreme Court's decision in Foster, and cannot overrule it or declare it unconstitutional." State v. Thrasher, 6th Dist. No. WD-06-047,2007-Ohio-2838.
 {¶ 19} Appellant was sentenced to 9 years in prison for the rape conviction and 18 months in prison for aggravated assault. Both of these sentences are within the statutory range of R.C. 2929.14 and comply withFoster, supra. Accordingly, appellant's second assignment of error is found not well-taken.
 {¶ 20} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT AFFIRMED. *Page 5 
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., Thomas J. Osowik, J. Concur. *Page 1