OPINION
{¶ 1} Appellant Timothy C., an adjudicated delinquent child, [1]
appeals the decision of the Licking County Court of Common Pleas, Juvenile Division, following a sexual offender classification and registration proceeding. The appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.
 {¶ 2} On January 21, 2005, the trial court adjudicated appellant as a delinquent child, based on his admissions to a rape offense and two gross sexual imposition offenses against a five-year-old female victim. On March 7, 2005, following a dispositional hearing, the trial court committed appellant to the Department of Youth Services.
 {¶ 3} On January 30, 2008, the trial court conducted a classification hearing pursuant to the revisions to Ohio's sex offender laws under S.B. 10. As a result of the hearing, appellant was found to be a "Tier III" sexual offender.
 {¶ 4} On February 29, 2008, appellant filed a notice of appeal. He herein raises the following two Assignments of Error:
 {¶ 5} "I. APPELLANT'S CONSTITUTIONAL RIGHTS WERE VIOLATED BY HIS CLASSIFICATION AS A TIER III SEXUAL OFFENDER.
 {¶ 6} "II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT HELD THAT APPELLANT WAS 14 YEARS OF AGE OR OLDER DURING THE COMMISSION OF THE RAPE OFFENSE." *Page 3 
 I. {¶ 7} In his First Assignment of Error, appellant challenges the constitutionality of his classification as a Tier III sexual offender.
 {¶ 8} Appellant specifically argues that the retroactive application of the pertinent S.B. 10 provisions to him violates the prohibition against ex post facto laws in the United States Constitution and the prohibition against retroactive laws in the Ohio Constitution, as well as the double jeopardy and due process clauses and the doctrine of separation of powers. Although both sides have commendably briefed these issues, this Court has maintained that "[f]ailure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal." State v. Ivery, Stark App. No. 2005CA00270, 2006-Ohio-5548, ¶ 44, quoting State v. Awan (1986), 22 Ohio St.3d 120, syllabus. Cf.State v. McCullen, Cuyahoga App. No. 90213, 2008-Ohio-3081, ¶ 13
(applying Awan to a constitutional challenge to the residency restrictions under former R.C. 2950.031).
 {¶ 9} Our review of the trial court file and the transcript of the classification hearing reveals no attempt to previously raise the constitutional challenges herein presented on appeal. We therefore find these issues waived.
 {¶ 10} Appellant's First Assignment of Error is overruled. *Page 4 
 II. {¶ 11} In his Second Assignment of Error, appellant contends the trial court erred in finding him to be fourteen years of age or older at the time of the previously-adjudicated rape offense. We disagree.
 {¶ 12} R.C. 2152.86(A)(2) states as follows:
 {¶ 13} "Upon a child's release, on or after January 1, 2008, from the department of youth services, the court shall issue an order that classifies the child a juvenile offender registrant, specifies that the child has a duty to comply with sections 2950.04, 2950.041, 2950.05, and2950.06 of the Revised Code, and additionally classifies the child a public registry-qualified juvenile offender registrant if all of the following apply:
 {¶ 14} "(a) The child was adjudicated a delinquent child, and a juvenile court imposed on the child a serious youthful offender dispositional sentence under section 2152.13 of the Revised Code for committing one of the acts described in division (A)(1)(a) or (b) of this section.
 {¶ 15} "(b) The child was fourteen, fifteen, sixteen, or seventeen years of age at the time of committing the act.
 {¶ 16} "(c) The court did not issue an order classifying the child as both a juvenile offender registrant and a public registry-qualified juvenile offender registrant pursuant to division (A)(1) of this section."
 {¶ 17} This Court has recognized that Ohio's sexual offender provisions are remedial in nature and not punitive. See, e.g., State v.Grant, Richland App. No. 07 CA 32, 2008-Ohio-3429, ¶ 25, citing State v.Cook (1998), 83 Ohio St.3d 404, 700 N.E.2d 570. As such, we will review appellant's assigned error under the standard of review *Page 5 
contained in C.E. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279, 376 N.E.2d 578. Under this standard, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. Id. at syllabus.
 {¶ 18} As noted in our recitation of facts, supra, appellant admitted to the rape count at issue. See Tr., January 21, 2005, at 8. The complaint listed appellant's date of birth as March 28, 1990, which means the rape had to have occurred after March 28, 2004 in order for a Tier III classification to be warranted. The complaint also stated that the victim was five years old at the time of the offense, and gave her exact date of birth.[2] After mathematically calculating the time parameters for the year the victim would have been age five, we find appellant would have been either fourteen or fifteen at the time of the offense. In addition, appellant's age as an offender was further buttressed by information from appellant's parents as to when they moved into the residence wherein the Count II rape took place. See Tr., January 30, 2008, at 13. See, also, Tr. January 21, 2005, at 21.
 {¶ 19} The record thus contains sufficient competent, credible evidence to establish the juvenile offender age criterion under 2152.86(A)(2)(b), supra. Appellant's Second Assignment of Error is therefore overruled. *Page 6 
 {¶ 20} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Juvenile Division, Licking County, Ohio, is hereby affirmed.
 Wise, J., Gwin, P. J., and Farmer, J., concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, Licking County, Ohio, is affirmed.
Costs assessed to appellant.
[1] Appellant has turned eighteen since the filing of the notice of appeal in this matter.
[2] In the interest of protecting the privacy and best interest of the child victim, we will not herein restate her specific date of birth. *Page 1